Ex parte COHEN.

(District Court, E. D. Virginia. April, 1918.)

1. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—POWERS OF LOCAL BOARD.

A local draft board, which certified for service a Russian subject, who had not declared his intention of becoming a citizen and was therefore not subject to the Selective Draft Act, which facts were shown by his claim of exemption and affidavit filed in due form, and were undisputed, and was denied a hearing, *held* to have exceeded its authority, and its action held void.

2. HABEAS CORPUS ☞16—PERSON ILLEGALLY INDUCTED INTO ARMY.

Failure of one certified for service by a local draft board, although not subject to draft, to appeal to the district board, does not exclude the jurisdiction of a court to discharge him from the army on habeas corpus, where the local board, before making its order, had consulted with and obtained the approval of the district board.

Application by David Cohen for writ of habeas corpus. Writ granted.

Nicholas Alcinikoff, of New York City, for petitioner.

Clifford V. Church, Major Judge Advocate, for the United States.

WADDILL, District Judge. [1] The petitioner seeks to be discharged from the military service of the United States. The facts are substantially these:

That he is a subject of the Russian Empire, and has never declared his intention of becoming a citizen of the United States; that for some three years prior to the summer of 1917 he had been a resident of Virginia Beach, Princess Anne county, Va.; that on the 30th of July, 1917, he was notified by the local board of the county to report for

---

physical examination, with a view of serving in the army of the United States; that on the day named he appeared before the board, filed claim for exemption from military service in due form, supported by his affidavit, setting forth that he was exempt because a resident alien, not German, and had never declared his intention of becoming a citizen; that said petition for exemption was duly made under subsection F of section 18 of the rules and regulations prescribed by the President under the Selective Draft Act, approved May 18, 1917 (Act May 18, 1917, c. 15, 40 Stat. 76). This act requires that petitioner's affidavit should set forth the following information:

"1. Date and place of birth. 2. Date of emigration to the United States. 3. Whether he has taken out his first papers—that is, declared his intention to become a citizen of the United States. 4. Present address; and upon presentation of affidavits or such other evidence as may be required in the opinion of the board to substantiate the claim."

No request was made of affiant to furnish other or additional evidence than that contained in his own affidavit, and his case was taken up by the local board and decided adversely to him, and the local board took the case up with the district board, and that board approved the action of the local board, and petitioner was therefore certified for draft in the army, and on the 10th day of October, 1917, he was inducted into service at Camp Lee, Va. He subsequently, on the 3d of December, 1917, presented his petition to the commanding general at Camp Lee, praying to be discharged from military service, on the ground that he was an alien and had never declared his intention to become a citizen, and to this application he attached affidavits in support of his claim which were not before the local board. The commanding general declined to discharge the petitioner, because there was no claim that he had been denied a full and fair hearing before the local board, or that said board acted beyond its jurisdiction or contrary to the procedure required by law.

These suggestions by the commanding general are renewed here by the government in opposition to petitioner's discharge on habeas corpus, and the further fact is urged that the petitioner failed to appeal to the district board from the action of the local board; and the government earnestly insists that the writ of habeas corpus cannot be used as an appellate procedure and the courts are without jurisdiction unless the executive and military authorities whose action is brought into question either exceeded their jurisdiction or denied to the petitioner a fair and impartial hearing.

These legal positions taken by the government may be conceded, but nevertheless it is undisputed, as is shown by the authority relied upon by both sides (Angelus v. Sullivan [Circuit Court of Appeals, Second Circuit, October, 1917] 246 Fed. 54, 158 C. C. A. 280), that if the tribunal whose action is complained of acted beyond the scope of their authority, or failed to accord to the accused a fair trial, or rejected proper evidence offered by him, then that such relief can and should be afforded by habeas corpus. The petitioner filed the precise affidavit required under the law, and no other or additional evidence was required of him, as the act in terms contemplated, if needed, and up-

on his affidavit it is entirely clear that he was not subject to draft, but, on the contrary, he was a Russian subject who had made no declaration of his intention to become a citizen of the United States. That was the sole point in the case. There was no dispute then as to his being a Russian subject; there is none now; nor has there been a suggestion to the contrary apparent from the record.

[2] It is true he did not appeal to the district board, as perhaps he should have done, but he ought not to be denied his rights to habeas corpus, where his personal liberty and nationality are involved because of his failure to have done a vain thing. The local board for some reason took the matter up with the district board, which board approved the action of the local board, and hence to have appealed to them would have been an act of folly. It is entirely clear that an impartial hearing, the facts not being disputed, required the granting of petitioner's claim to exemption, and that both that board and the district board and the commanding general acting upon his case, with his nationality and the fact that he had made no previous declaration of his intention to become a citizen undisputed, and that he made due claim to his exemption and filed proper affidavit in support thereof, and was denied a hearing, acted beyond their authority in inducting a Russian subject into the army of the United States, and their action and orders in that respect are void.

Moreover, under Compiled Rules of the Provost Marshal, dated September 27, 1917, No. 12, form No. 44, paragraph B of subdivision No. 2 of said regulations, it would appear that, under the authority reposed in the military authorities at the mobilization camp, this petitioner should have been relieved as coming within the class against whom hardship would be worked, arising from error in law on the part of the authorities acting in this case, or the nonculpable ignorance of the registrant in failing to properly protect himself from the consequences of the illegal ruling against him.

The petitioner will be discharged.